YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SIGAL CHATTAH
Interim United States Attorney
PATRICK A. ROSE
Assistant United States Attorney
DEBRA D. FOWLER
Senior Aviation Counsel
ROBERT J. GROSS
Senior Trial Counsel
ASHLEY E. DEMPSEY
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
Post Office Box 14271
Washington, D.C.  20044-4271
(202) 616-4025 (DDF)
(202) 616-4038 (RJG)
(202) 616-4024 (AED)
Debra.Fowler@usdoj.gov
Robert.Gross@usdoj.gov
Ashley.Dempsey@usdoj.gov
Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| REBECCA CHIARAMONTI, et al., | Case No. 2:24-cv-01484-JAD-EJY (Lead Case) |
| Plaintiffs, | *Consolidated with* |
| v. | Case No. 2:24-cv-01490-JAD-EJY (Anderson) |
| | Case No. 2:24-cv-01737-JAD-EJY (Tidwell) |
| UNITED STATES OF AMERICA, | Case No. 2:24-cv-01896-JAD-EJY (Dale) |
| Defendant. | **STIPULATION FOR (1) ORDER PERMITTING PRODUCTION OF PRIVACY ACT PROTECTED RECORDS AND (2) PROTECTIVE ORDER** |
| AND CONSOLIDATED ACTIONS | |

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and 5 U.S.C. § 552a(b)(11) (part of the Privacy Act), Plaintiffs Rebecca Chiaramonti, Individually and as Special Administrator of the Estate of Anthony L. Chiaramonti, deceased, Lewis Chiaramonti, and Adele Chiaramonti (Plaintiffs); Plaintiffs Tarra Tidwell as Special Administrator of the Estate of Zachary Rainey, deceased, A.P.R., by and through his mother Tarra Tidwell, and A.B.R., by and through his mother Tarra Tidwell; Plaintiff Cathy Zee Anderson, as personal representative of the Estate of Donald S. Goldberg; Plaintiff, Scott Dale, Individually and as Executor of the Estate of Carol Ann Scanlon, deceased, and Defendant the United States, stipulate and respectfully request the Court enter an Order, as contemplated by 5 U.S.C. § 552a(b)(11), authorizing the United States to disclose certain records of federal government employees protected by the Privacy Act, 5 U.S.C. § 552a.[1] The parties also stipulate to, and request the entry of, the following proposed protective order governing the marking, use and handling of records protected by the Privacy Act and other confidential materials.

In support of these requests, the parties submit:

1. Under Fed. R. Civ. P. 34, the Chiaramonti Plaintiffs requested employee training records, performance standards and individual performance management records for two air traffic control specialists employed by the Federal Aviation Administration whose conduct is at issue in this case. On March 12, 2025, the United States objected to producing those records in its Fed. R. Civ. P. 34 (b)(2) response because, absent a court order or other specified statutory exceptions, they are protected from disclosure by the Privacy Act. *See* 5 U.S.C. § 552a. The

---

[1] The Privacy Act prohibits disclosure of "records" maintained by an agency about an individual that are contained in a "system of records," subject to certain exceptions. 5 U.S.C. § 552a(b). A "record" is "any item, collection, or grouping of information about an individual that is maintained by an agency . . . that contains his name . . . or other identifying particular assigned to the individual . . . ." *Id*. § 552a(a)(4). A "system of records" is "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." *Id*. § 552a(a)(5).

responsive documents also contain personal, employment-related information about the air traffic controllers.

2. Under Fed. R. Civ. P. 34, the Tidwell Plaintiffs requested the same training files, individual performance management records and performance records of conference for the two air traffic controllers. On March 3, 2025, the United States objected to producing those records in its Fed. R. Civ. P. 34 (b)(2) response because, absent a court order or other specified statutory exceptions, they are protected from disclosure by the Privacy Act. See 5 U.S.C. § 552a. The responsive documents also contain personal, employment-related information about the air traffic controllers.

3. A Government agency shall not disclose Privacy Act protected records to any person except under certain specified conditions. 5 U.S.C. § 552a(b). One such condition is "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

4. The parties stipulate and respectfully request the Court, through approval of this Stipulation, authorize the Department of Justice to disclose to Plaintiffs the records described in Paragraphs 1 - 2 above pursuant to 5 U.S.C. § 552a(b)(11) in accordance with the terms governing handling and dissemination below.

5. The parties also stipulate and respectfully request the Court, through approval of this Stipulation, enter the following Protective Order under Fed. R. Civ. P. 26(c) concerning handling of the records described in Paragraphs 1 – 2, and any other documents or information the parties may designate as confidential in accordance with Paragraph 6; as well as procedures for resolving issues arising from the unauthorized or inadvertent disclosure of attorney work product, attorney client privilege, governmental privilege(s) or other confidential materials.

3

**[PROPOSED] PROTECTIVE ORDER**

6. Any party to this action may, in good faith, designate a document or information which, in the opinion of that party, contains confidential or sensitive information, by designating the material as subject to this Protective Order by marking the material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

7. Upon production of material designated as Confidential under Paragraph 6 of this Order, the parties agree to maintain its confidentiality.  No party will publicly disseminate the materials or information contained therein.  Materials produced pursuant to this Protective Order shall be used by the parties solely for pre-trial investigation and discovery, preparation for trial, trial, and other proceedings in this action, and shall not be used for any other purpose.

8. Access to and the disclosure of material designated Confidential under Paragraph 6 shall be limited to "qualified persons," as defined in Paragraph 9 below.

9. "Qualified persons" are limited to the following individuals:

   a. The parties in this action, the attorneys representing the parties in this action, and their legal assistants, paralegals, information technology personnel and other support personnel who are directly employed or contracted by those attorneys;

   b. Experts or consultants retained by any party in connection with this action;

   c. Fact witnesses during their deposition, or in preparation for their testimony;

   d. The Court and Court personnel, including stenographic reporters and video personnel engaged in such proceedings as are necessary in preparing for trial in this action; and

e. Such other persons upon additional separate agreement of the parties or order of the Court.

10. Prior to disclosing material designated as Confidential under this Protective Order to any person designated in Paragraph 9(b) or (e), counsel shall advise the person that the material is subject to the terms of this Protective Order, shall provide the person with a copy of this Protective Order, and the person shall agree to abide by the terms of this Protective Order in the same manner as would a receiving party relative to such material. The person shall sign the attached acknowledgement.

11. When any material designated as Confidential under Paragraph 6 is marked as an exhibit, or otherwise used during questioning at or in connection with deposition, counsel shall inform the court reporter and witness of the designation, and the applicable portions of the deposition transcript shall also be marked and treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," in accordance with the terms of this Protective Order.

12. Upon request from the party receiving material designated as subject to this Protective Order, the designating party will promptly explain its basis for so designating that material.

13. If a party objects to the designation of material as confidential, that party shall notify the designating party in writing of such objections, and the specific reasons and support for such objections (the "Designation Objections"), no later than fourteen (14) days after the close of discovery. Counsel for the designating party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate material pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on material addressed by the Designation Objections. Until the parties or Court, as applicable, resolve the objection, the material shall be treated as confidential and not

further disclosed except as authorized by this Protective Order. The designating party shall have the burden on any motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the designation motion, then such material shall be de-designated in accordance with the Designation Objection applicable to such material.

14. This Protective Order is without prejudice to the rights of a party to make other objections, for example, relevance or attorney-client privilege, to discovery requests and to the introduction of designated material as evidence at trial or during summary judgment proceedings.

15. Procedures for unauthorized or inadvertent disclosure of documents containing attorney work product, attorney-client privilege, governmental privilege (hereafter "privilege") or other confidential information:

    a. The production of a document or part of a document, as well as the production of a document without the appropriate designation of confidentiality shall not constitute a waiver of any privilege or of confidentiality as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

    b. If the producing party determines that a document produced, or part thereof, is subject to a privilege or is otherwise confidential, the producing party shall give the receiving party notice of the claim of privilege or confidentiality in writing (notice).

    c. Upon receiving such notice described in paragraph (b), if the receiving party agrees with the privilege or claim of confidentiality, the receiving

        party must return the specified document(s) and any copies thereof within five days or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed within five days. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.  If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

d. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege or confidentiality notice, the receiving party shall promptly meet and confer with the producing party. The document shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation or disclosed (e.g., filed as an exhibit; used in a deposition) while the dispute is pending.  If the parties are unable to come to an agreement about the dispute, the designating party may make a motion to compel return of the of the material. On any such motion he receiving party may not challenge the privilege or confidentiality claim by arguing that disclosure itself is a waiver.

e. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

  f. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person except and unless the receiving party makes a sealed motion for a judicial determination of the privilege claim.  Any motion challenging the claim of privilege or confidentiality must not publicly disclose the information claimed to be privileged or confidential.

16. Within sixty days of the conclusion of this litigation (including as applicable exhaustion of appellate proceedings), the receiving party shall (i) return to the disclosing party or shred, delete, and destroy, as applicable, and not retain, any and all paper and electronic copies and images of all materials designated by the disclosing party as subject to this Protective Order, and (ii) certify in writing to the disclosing party that the receiving party has complied with requirements in clause (i) of this paragraph.

DATED: April 16, 2025      SO STIPULATED:

UNITED STATES DEPARTMENT OF JUSTICE

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

SIGAL CHATTAH
Interim United States Attorney

PATRICK J. ROSE
Assistant United States Attorney

By: /s/ Ashley E. Dempsey
DEBRA D. FOWLER
Senior Aviation Counsel
ROBERT J. GROSS
Senior Trial Counsel

ASHLEY E. DEMPSEY, Cal Bar No. 198791
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC  20044-4271
(202) 616-4025 (DDF)
(202) 616-4038 (RJG)
(202) 616-4024 (AED)
Debra.Fowler@usdoj.gov
Robert.Gross@usdoj.gov
Ashley.Dempsey@usdoj.gov
*Attorneys for Defendant United States of America*


LAW OFFICES OF BRADLEY L. BOOKE

By: */s/ Bradley L. Booke*
BRADLEY L. BOOKE, Bar No. 2662
10161 Park Run Drive #150
Las Vegas, NV 89145
(702) 241-1631
(866) 297-4863 Fax
Brad.booke@lawbooke.com
*Attorneys for Chiaramonti Plaintiffs*


KREINDLER & KREINDER LLP

By: */s/ Evan Kaitin-Borland*
DANIEL O. ROSE, pro hac vice
BRIAN J. ALEXANDER, pro hac vice
EVAN KAITIN-BORLAND
485 Lexington Ave., 28th Floor
New York, NY 10017
(212) 687-8181
drose@kreindler.com
balexander@kreindler.com
ekatinborland@kreindler.com
*Attorneys for Chiaramonti Plaintiffs*

PANISH SHEA RAVIPUDI LLP

By: */s/ Ian Samson*
RAHUL RAVIPUDI, Bar No. 14750
IAN SAMSON, Bar No. 15089
JULIA ARMENDARIZ, Bar No. 15865
HUNTER NORTON, Bar No. 16292
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
(310) 477-1700
(310) 477-1699 Fax
rahul@panish.law
isamson@panish.law
jarmendariz@panish.law
hnorton@panish.law
*Attorneys for Tidwell/Rainey Plaintiffs*


HENNESS & HAIGHT

By: */s/ Stephen J. Mendenhall*
MARK G. HENNESS, Bar No. 5842
STEPHEN J. MENDENHALL, Bar No. 15286
8972 Spanish Ridge Avenue
(702) 862-8200
(702) 862-8204 Fax
Las Vegas, Nevada 89148
mghesq@hennessandhaight.com
stephenm@hennessandhaight.com
*Attorneys for Dale/Scanlon Plaintiffs*

EGLET HAM HENRIOD

By:  */s/ Joel D. Henriod*
JOEL D. HENRIOD, Esq.
Nevada Bar No. 8492
ANDREW R. GUZIK, Esq.
Nevada Bar No. 12758
400 South 7th Street, Suite 400
Las Vegas, Nevada 89101
(702) 450-5400
(702) 450-5451 Fax
eservice@egletlaw.com
*Attorneys for Dale/Scanlon Plaintiffs*

DICKINSON WRIGHT PLLC

By:/s/ *Kerry K. Kleiman*
CYNTHIA L. ALEXANDER, Esq.
Nevada Bar No. 6718
KERRY E. KLEIMAN, Esq.,
Nevada Bar No. 14071
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
702-550-4400
844-670-6009 Fax
CAlexander@dickinsonwright.com
KKleiman@dickinsonwright.com
*Attorneys for Anderson/Goldberg Plaintiff*


MCCULLOCH AVIATION

By: */s/ Timothy I. McCulloch*
TIMOTHY I. MCCULLOCH
(*pro hac vice* forthcoming)
Arizona Bar No. 23732
21001 N. Tatum Blvd., Suite 1630-936
Phoenix, Arizona 85050
tim@mccullochaviation.com
*Attorneys for Anderson/Goldberg Plaintiff*


**IT IS SO ORDERED**

Dated:  April 17, 2025

_____
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**WRITTEN ACKNOWLEDGMENT**

I, _____, have read the attached Stipulated Protective Order approved by the Court in the cases consolidated under the lead case *Chiaramonti v. United States of America*, 2:24-cv-01484-JAD-EJY. I agree to be bound by, and comply with, all of its terms and conditions.

Signature:_____

Date:_____